UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

DANY PERETZ, TERRY PORTER,
and THOMAS KOSCICA, JOINTLY,
and d/b/a BOATING AT THE PIER
ENTERPRISES, LLC,

      Case No:

   Plaintiffs,

v.

WANDERLUST OFFSHORE, LLC
d/b/a SUNCOAST SAILING, RICHARD
MAHONEY, JR., *in personam*, and
THE SAILING VESSEL S/V ENTERPRISE,
a 41' MORGAN OUT ISLAND, O.N. 579423,
*in rem*,

   Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiffs, Dany Peretz, Terry Porter, and Thomas Koscica, Jointly, and d/b/a Boating At The Pier Enterprises, LLC, by counsel, sue Wanderlust Offshore, LLC d/b/a Suncoast Sailing, Richard Mahoney, Jr., *in personam*, and the sailing vessel S/V ENTERPRISE, a 41' Morgan Out Island, Official No.: 579423 ("Vessel"), *in rem*, and allege as follows:

**Jurisdiction and Venue**

1. This is a case of admiralty and maritime jurisdiction pursuant to Federal Rule 9(h), 28 USCA §1333 and Federal Rule of Civil Procedure Supplemental Rule D within the jurisdiction of this Court as this matter involves causes of action stemming from a maritime contract and a maritime tort. The Court has exclusive jurisdiction over the Petitory Action brought under Supplemental Rule D. This Court also has Supplemental Jurisdiction pursuant to 28 USCA §1367

to the extent that one or more of the causes of action also arise out of State law but are otherwise related to the maritime causes of action and arise out of the same transactions and/or occurrences.

2. This Court has personal jurisdiction over the *in personam* defendants as all reside and have and continue to perform substantial business activities within this District.

3. Venue is proper in this District as all transactions and occurrences occurred within this District and the *in rem* defendant S/V ENTERPRISE (hereafter the "vessel") has been and currently remains within this District.

### The Parties

4. Plaintiffs, Dany Peretz, Terry Porter, and Thomas Koscica (hereafter "the partners") have jointly owned the vessel since her purchase in December, 2013 to the present day.

5. In December, 2013, the partners formed and incorporated with the State of Florida the limited liability company named Boating At The Pier, LLC, with each being an owner and member. Boating At The Pier, LLC was established for the purpose of owning and documenting ownership of the vessel as a Coast Guard inspected passenger carrying vessel. See filed corporate papers attached as **Exhibit A**.

6. The vessel was and remains documented with the Coast Guard's National Vessel Documentation Center in the name of Boating At The Pier, LLC, with the three partners identified as operating members of the LLC. See Certificate of Documentation attached as **Exhibit B**.

7. Defendant, Wanderlust Offshore, LLC d/b/a Suncoast Sailing, is a Florida corporation whose sole member, and on information and belief, sole owner, is Richard Mahoney, Jr., doing business as a charter boat company in Treasure Island, St. Petersburg Beach, Florida.

**Facts Giving Rise to the Claims and Causes of Action**

8. On March 1, 2020, a bareboat charter agreement was entered into between Boating At The Pier Enterprises, LLC and Wanderlust Offshore, LLC d/b/a Suncoast Sailing, pursuant to which the possession, control and operations of the vessel would be transferred to Suncoast Sailing for use as a charter boat, in return for a monthly fee. See the bareboat charter attached as **Exhibit C**.

9. On July 21, 2020, during a sunset cruise in Boca Ciega Bay, the vessel was being operated by a Suncoast Sailing captain. Suncoast Sailing's Captain negligently allided with the bridge at Johns Pass.

10. Following the allision, the vessel was caused to sustain additional damages as a result of the bridge tender's actions in lowering the spans of the bridge on top of the vessel. Additionally, at least two of the passengers claimed to have been injured in this incident.

11. The vessel was extricated from the bridge and under her own power returned to the marina where Suncoast Sailing was located. Eventually, the vessel was taken to Salt Creek Marina in St. Petersburg to be hauled-out, and inspected for the scope and extent of the damages, and the probable costs to repair.

12. On or about September 1, 2020, and without the knowledge or consent of the partners, Richard Mahoney, Jr. filed papers with the Secretary of State of Florida to form a corporation called "Boating At The Pier, LLC" with Wanderlust Offshore, LLC as the registered agent and sole member. See filed corporate papers attached as **Exhibit D**.

13. Thereafter, Wanderlust Offshore, LLC d/b/a Suncoast Sailing and Richard Mahoney, Jr. alleged that Peretz, on behalf of Boating At The Pier, LLC, had breached the bareboat charter for among other reasons, failing to maintain the "active" status of the corporate name

Boating At The Pier, LLC with the Florida Secretary State thereby causing them to incur unspecified damages.

14. Peretz, on behalf of his partners, disputed that they breached the bareboat charter agreement and requested, then demanded, that Wanderlust Offshore, LLC d/b/a Suncoast Sailing and Richard Mahoney, Jr. either withdraw or transfer their "ownership" of Boating At The Pier, LLC back to the three partners.

15. To date, the requests and demands to regain "ownership" of the corporate name have been rejected, absent the three partners paying an amount of money that is not only absurd but without any factual or legal basis.

16. As a result of the actions of Wanderlust Offshore, LLC d/b/a Suncoast Sailing and Richard Mahoney, Jr., the "ownership" of the vessel is now, and continues to be, at least on paper, controlled by Wanderlust Offshore, LLC d/b/a Suncoast Sailing and Richard Mahoney, Jr. even though they are not the true owners.

17. Further, as a result of the actions of Wanderlust Offshore, LLC d/b/a Suncoast Sailing and Richard Mahoney, Jr. in wrongfully, intentionally, in bad faith, and surreptitiously taking the name Boating At The Pier, LLC, this has created a cloud on the title and/or ownership on the vessel preventing them from legally pursuing claims against third parties for the damages to the vessel, in repairing the vessel under the auspices of the Coast Guard, and in securing insurance on the vessel.

18. Consequently, the three partners have been forced to initiate this action and have and will continue to incur reasonable attorney fees to obtain the relief and remedies requested.

19. All conditions precedent to the filing of this action have been performed.

## Count I – Action for Petitory Relief

Plaintiffs adopt and reallege the foregoing paragraphs numbered 1 through 19 above and further allege:

20. This is an action for Possessory and Petitory relief pursuant to Supplemental Rule D of The Supplemental Rules for Certain Admiralty or Maritime Claims of the Fed.R.Civ.P., and Local Admiralty Rule 7.04.

21. At all times material hereto, the Plaintiffs were the actual and documented owners of the vessel.

22. The actions of Defendants have jeopardized, impacted, and effectively created an "issue" regarding the actual ownership and owners of the vessel, without good cause, or any factual or legal basis.

23. Plaintiffs are entitled to secure in their own name(s) the clear and undisputed full ownership and title to the vessel.

24. Other than the Defendants, there are no other entities or individuals who have asserted any right, title, or ownership interest in the vessel, there also being no liens nor encumbrances.

25. Actual notice of this action to the Defendants will be made immediately upon the filing of this action.

Wherefore, Plaintiffs pray for the following relief:

1) That process is issued against the S/V ENTERPRISE, a 41' Morgan Out Island bearing Official No.: 579423, her engines, tackle and apparel;

2) That all persons having a claim or interest in the Vessel may be required to appear and answer the aforesaid matter;

3) That Plaintiffs be decreed to be the rightful owner of said vessel, in particular, in the name of its limited liability company, Boating At The Pier, LLC;

4) That this Court award complete, full, and undisputed title and ownership of the vessel, an expedited evidentiary hearing, costs of this action, and such other and further relief as may be warranted.

## Count II – Declaratory Relief

Plaintiffs adopt and reallege the foregoing Paragraphs 1 through 19 and allege:

26. This is an action for declaratory relief pursuant to 28 USCA §2201, *et seq*, in that a present controversy exists between the parties hereto in which this Court is requested to adjudicate and determine the rights of the parties involving a bareboat charter agreement, which is a maritime contract, as well as title to and/or ownership of the vessel.

27. Plaintiffs are and have been the owner of the vessel since 2013.

28. Defendants contend that they breached the bareboat charter agreement by reason of failing to maintain the "active" status with the Florida Secretary of State, the name of "Boating At The Pier, LLC," and further contend that as a consequence, Defendants have sustained and incurred an unspecified amount of damages.

29. Plaintiffs dispute that they breached the bareboat charter agreement and/or caused the Defendants any damages, and further claim that Defendants themselves breached the bareboat charter agreement by reason of the failing to maintain in good repair the vessel while she was in Defendant's possession, control and part of their operations.

30. Specifically, as set forth in paragraph 5 of the agreement, it was the obligation and duty of Defendants as "Lessees" to: maintain the vessel in a clean and sanitary manner including

all equipment, appliances, furniture and furnishings therein…and be "responsible for damages caused by his/her negligence…"

31. The negligence of the Defendants in the crewing and operation of the vessel led to and created a situation in which the vessel was caused to sustain damages for which Defendants have refused to accept or maintain responsibility.

32. In addition to the foregoing, by reason of the actions taken by Defendants following the incident occurring on July 21, 2020, by incorporating the name of "Boating At The Pier, LLC" in their own name, an issue has been created regarding the true and rightful ownership and owners of the vessel.

33. Plaintiffs, not Defendants, are the true and actual owners of the vessel, but by refusing and rejecting Plaintiffs' demands to transfer the name of "Boating At The Pier, LLC" back to Plaintiffs, Defendants are effectively assuming ownership of the vessel.

Wherefore, Plaintiffs request that this Court take jurisdiction over this claim, and declare and order:

    A. Defendants breached the bareboat charter agreement;

    B. Plaintiffs are the true and rightful owners of the vessel;

    C. Defendants must transfer "ownership" of the corporate name "Boating At The Pier, LLC" back to Plaintiffs;

    D. Defendants must execute any necessary documents to effectuate the transfer of "ownership";

    E. Award reasonable attorney fees to Plaintiffs; and

    F. Award damages to Plaintiffs consistent with A through D above and such other and further relief as may be warranted.

## Count III – Breach of Contract

Plaintiffs adopt and reallege the foregoing and further allege:

34. Pursuant to the bareboat charter agreement, Defendants had the duty and obligation to return the vessel to Plaintiffs in the same good order and condition as received, wear and tear excepted.

35. Further, Defendants agreed to be "responsible for damages [to the vessel] caused by his/her negligence…"

36. On July 21, 2020, the vessel was manned by an inexperienced and known incompetent operator and was negligently operated such that the vessel was caused to allide with the bridge at Johns Pass.

37. Ultimately, as a result this allision, the vessel was caused to sustain damages.

38. The Defendants constructively returned the vessel to Plaintiffs when the vessel was hauled-out and placed on the hard at Salt Creek Marina in St. Petersburg, where she remains to this date in a damaged condition.

39. Defendants breached the bareboat charter agreement by returning the vessel in a damaged condition

40. The estimated costs to repair the vessel, including ongoing storage fees and associated charges are in excess of $75,000.

41. As a direct and proximate cause of Defendant's breach, Plaintiffs have been caused to sustain damages in excess of $75,000 and these damages are continuing.

42. Plaintiffs are also contractually entitled to reasonable attorney fees as a result of Defendants' breach of the agreement.

Wherefore, Plaintiffs demand judgment against Defendants for all damages for the reasonable cost to repair, storage and associated charges, reasonable attorney fees, prejudgment interest, and costs of this action.

### Count IV – Slander of Title

Plaintiffs adopt and reallege the foregoing and further allege:

43. Defendants knew that the vessel was owned by the three partners who had formed and incorporated Boating At The Pier, LLC.

44. Defendants knew that the vessel was documented with the Coast Guard in the name of Boating At The Pier, LLC, with the three partners shown as members of the corporation.

45. Defendants knew or should have known that by incorporating under the name of Boating At The Pier, LLC, this publication to third persons would result in causing third parties to believe Defendants were and continue to be the owners of the vessel, which would be patently false.

46. Defendants knew or should have known that by incorporating under the name of Boating At The Pier, LLC, this publication to third persons would result in causing and/or inducing third parties not to deal with Plaintiffs, including, but not limited to:

    a. Securing insurance on the vessel;

    b. Suing and/or recovering from third parties economic losses for the physical damages to the vessel as a result of the incident on July 21, 2020;

    c. Undertaking repairs to the vessel under the required oversight and approval of the Coast Guard;

    d. Selling the vessel;

    e. Operating the vessel as a passenger carrying vessel;

47. In fact, these actions of Defendants in creating a falsehood has played and will continue to play a material and substantial part in inducing third parties not to deal with the plaintiffs.

48. The actions of the Defendants were intentional, callous, malicious, done in bad faith and for the reason(s) of damaging the defendants.

49. These damages include, but are not limited to, the unrepaired physical damages to the vessel, delaying the return of the vessel to charter service and receiving income for same; the inability to secure insurance on the vessel thereby subjecting her to uninsured damages, losses, and potential liability to third persons; fines and penalties that may be assessed by the Coast Guard; and the inability to sell the vessel.

50. As a direct and proximate result of the foregoing Plaintiffs have incurred damages in excess of $75,000 and these damages are continuing.

51. In additional, Plaintiffs are entitled to punitive damages against the Defendants by reason of their actions as described.

52. Plaintiffs are entitled to recover reasonable attorney fees.

Wherefore, Plaintiffs demand judgment against Defendants in the amount of all compensatory damages incurred and to be incurred, punitive damages, reasonable attorney fees, prejudgment interest, costs, and such other and further relief as may be deemed warranted.

/s/ Anthony J. Cuva
John D. Kallen
Florida Bar No.: 277428
E-mail: jdklaw1@aol.com
JOHN D. KALLEN, P.A.
17071 W. Dixie Highway
North Miami Beach, FL  33160
Tel: (305) 956-5775
Fax: (305) 944-8780

and

Anthony J. Cuva
Florida Bar No: 0896251
E-mail: acuva@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

*Attorneys for Plaintiffs*

### Local Admiralty Rule 7.01( e ) Verification

Pursuant to 28 USCA 1746 we declare and certify that the foregoing allegations are true and correct on this 23rd day of December, 2020.

_____  _____  _____
Dany Peretz            Terry Porter           Thomas Koscica